*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

FILED

MAR - 8 2012

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:  ) Case No. 11-24447-D-13L
 )
CHESTER LEASURE and ) Docket Control No. JAP-5
SHERRI LEASURE, )
 ) Date: February 21, 2012
      Debtors. ) Time: 10:00 a.m.
 ) Dept: D
 )
_____)

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM DECISION

On December 27, 2011, the debtors in this case, Chester Leasure and Sherri Leasure (the "debtors"), filed a motion to confirm a fourth amended chapter 13 plan, Docket Control No. JAP-5 (the "Motion"). The chapter 13 trustee in this case, Russell D. Greer (the "trustee") opposes the Motion. For the reasons set forth below, the court will deny the Motion.

On their Schedule J, the debtors have deducted $250 each for college expenses of their two sons, a total of $500 per month. The trustee contends that with this deduction, the plan fails the disposable income test of 11 U.S.C. § 1325(b)[1] and is not proposed in good faith. § 1325(a)(3).[2]

---

[1]. Unless otherwise indicated, all Code, chapter, and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[2]. Other issues originally raised by the trustee have been resolved.

The debtors are above-median income debtors; thus, their disposable income is determined under § 1325(b)(2)(A)(i) and (3), and in turn, by reference to § 707(b)(2)(A) and (B). Allowable educational expenses include the actual expenses for a dependent child less than 18 years old, up to $1,500 per year per child, to attend a private or public elementary or secondary school, assuming a satisfactory explanation and documentation. § 707(b)(2)(A)(ii)(IV). Applying the doctrine of *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of another), courts have held that the omission from that subsection of college expenses for children 18 and older means that Congress did not intend such expenses to be deducted. In re Featherston, 2007 Bankr. LEXIS 4578 *40 (Bankr. D. Mont. 2007); In re Goins, 372 B.R. 824, 827 (Bankr. D.S.C. 2007).

A similar analysis can be made of § 707(b)(2)(A)(ii)(II), which allows the deduction of "actual expenses paid by the debtor that are reasonable and necessary for care and support of an elderly, chronically ill, or disabled household member or member of the debtor's immediate family (including . . . children, . . .) and who is unable to pay for such reasonable and necessary expenses." College expenses for an adult child who is chronically ill or disabled might well be allowable under this section; absent such a showing, however, college expenses for an adult child are not permissible. In re Harris, 415 B.R. 756, 760-62 (Bankr. E.D. Cal. 2009).

Congress has expressly provided for education expenses for children under 18 and for expenses generally for a family member who is chronically ill or disabled; it has not provided for

- 2 -

college expenses for a child 18 or over who does not meet either of those qualifications.[3]  Thus, the deductions taken by the debtors here are not allowable, and the Motion will be denied.

The court will issue an appropriate order.

Dated: March 8, 2012

*Robert Bardwil*
ROBERT S. BARDWIL
United States Bankruptcy Judge

---

3. When this case was filed, the debtors' sons were 18 and 17 years old, respectively.  The case has been pending just over a year; thus, both are now at least 18.  To the extent a deduction was taken for college expenses for the younger son while he was 17, those are not allowable because for a child under 18, § 707(b)(2)(A)(ii)(IV) permits a deduction for expenses of an elementary or secondary school only, not for college expenses.